UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br>  Plaintiff<br><br>v.<br><br>TRIUMVIRATE ENVIRONMENTAL, INC.,<br>  Defendant | Docket No. 2011-CV-11397 |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### PARTIES

1. The Plaintiff, National Railroad Passenger Corporation (hereinafter "AMTRAK") is chartered under the laws of the District of Columbia and has its principal place of business in the District of Columbia. AMTRAK is authorized by Congress to engage in business in Massachusetts.

2. Defendant TRIUMVIRATE Environmental, Inc. ("TRIUMVIRATE") is a domestic for profit corporation with a principal office located at 61 Inner Belt Road, Somerville, Massachusetts. TRIUMVIRATE Environmental is an environmental services firm that provides manageable environmental waste programs.

### JURISDICTION

3. AMTRAK was created by an Act of Congress, 49 U.S.C. §24101, *et seq*. Therefore, the Court has original jurisdiction over this lawsuit under the provisions of 28 U.S.C. §1331 and § 1349.

4. Defendant TRIUMVIRATE is, upon information and belief, a corporation existing under the laws of Massachusetts, it conducts business in Massachusetts, and maintains a principal place of business in the Commonwealth of Massachusetts. The amount in controversy set forth in this Complaint exceeds $75,000.00. Accordingly, this Court also has jurisdiction under the provisions of 28 U.S.C. §1332.

### VENUE

5. Venue is proper in this district and division under the provisions of 28 U.S.C. §1391(b) and (c) in that the defendant TRIUMVIRATE resides, and or is domiciled, in this District.

## GENERAL ALLEGATIONS

6. On or about July 11, 2011, a 2009 Kenworth tandem axle tractor owned by the Defendant TRIUMVIRATE and operated by its employee and/or agent Peter Barnum ("Barnum") was traveling on Elm Street (Route 4) in North Berwick, Maine. Elm Street is a public way.

7. At all relevant times Barnum was acting within the scope of his employment for the defendant TRIUMVIRATE.

8. The accident occurred at the railroad crossing located on Elm Street in North Berwick, Maine. At the time of the accident, AMTRAK train 681 was operating east on the rail line and the tractor trailer combination was being operated by Barnum north on Elm Street.

9. Upon information and belief, the 2009 Kenworth tractor was pulling a Font dump trailer containing trash and waste.

10. Barnum operated the tractor trailer combination towards a railroad crossing controlled by, and protected with, crossing gates/arms, flashing lights, and audible warnings. There is a single track main line in this area. The main line runs generally east/west and Elm Street runs north/south. The main line is Class 4 track.

11. Before the accident, the crossing protection controls and warnings were activated and the horn of the locomotive of the AMTRAK train was sounded alerting all vehicle traffic not to enter the crossing and of the AMTRAK train's right of way. The Kenworth tractor trailer combination operated by Barnum failed to heed the warnings, crossing protection controls and the locomotive horn, and entered the crossing just in front of the AMTRAK train as it proceeded through the crossing.

12. Barnum operated the tractor trailer combination around the lowered crossing gates, despite the flashing lights, the audible warnings, and the sounding of a horn from an approaching AMTRAK train.

13. Barnum negligently operated the tractor trailer combination so as to cause it to pass in front of a train owned and operated by AMTRAK (hereinafter "the accident").

## FIRST CLAIM FOR RELIEF
(Negligence Against Defendant)

14. Plaintiff incorporates the allegations contained in Paragraphs 1 through 13 above.

15. Plaintiff is informed and believes that the Kenworth tractor trailer combination was at all relevant times owned by Defendant TRIUMVIRATE, an environmental waste business. At the time of the accident the Kenworth tractor trailer combination was operated by Defendant TRIUMVIRATE employee and/or agent, Barnum. At all relevant times Barnum was

acting within the scope of his employment and/or agency and for the direct benefit of Defendant TRIUMVIRATE.

16. Plaintiff alleges that Defendant TRIUMVIRATE negligently owned, operated, maintained, inspected and entrusted the Kenworth tractor trailer combination. Defendant TRIUMVIRATE failed to properly train or failed to train altogether its agent and/or employee, Barnum. Defendant TRIUMVIRATE negligently hired Barnum and negligently entrusted the vehicle to Barnum, who it knew or should have known was unqualified to operate the Kenworth tractor trailer combination. As the principal and/or employer of Barnum, Defendant TRIUMVIRATE is vicariously liable for any and all negligent acts or omissions of Barnum.

17. Plaintiff alleges that Barnum negligently operated, maintained and inspected the Kenworth tractor trailer combination. Barnum knew or should have known that he was unqualified to operate the Kenworth tractor trailer combination and despite this knowledge, operated the vehicle.

18. As a direct and proximate result of the negligence of Defendant TRIUMVIRATE and its agent/employee Barnum, as alleged in Paragraphs 16 and 17, Plaintiff sustained property damages to its engine and rail passenger cars. Plaintiff is informed and believes and thereon alleges that the amount of property damages so sustained will exceed $3 million. The exact amount is unknown at this time.

19. As a further direct and proximate result of the accident and the negligence alleged in Paragraphs 16 and 17, Plaintiff has sustained damages that include loss of use of its rail passenger cars, loss of business due to its inability to operate the rail passenger cars and expenses associated with service interruptions. Plaintiff alleges that these costs are ongoing and that the full amount is unknown at this time.

20. As a further direct and proximate result of the accident and the negligence alleged in Paragraphs 16 and 17, Plaintiff has incurred and may continue to incur other accident-related expenses and costs including, but not limited to, the cost of investigating the circumstances of the accident and of responding to inquiries and investigation of federal and state safety agencies, the cost of accident cleanup, and the cost of medical care for Plaintiff's employees. The exact amount of these expenses and costs has not been determined.

## PRAYER FOR RELIEF

Plaintiff National Railroad Passenger Corporation respectfully requests that this Court:

a. Award Amtrak for damages according to proof for property damage sustained, accident-related expenses and costs incurred, loss of use, business loss sustained, and employee medical claim expenses incurred as a result of the accident described in this Complaint; and

b. Award Amtrak for pre-judgment interest on those amounts pursuant to law;

c. Enter Judgment in AMTRAK's favor together with interest and costs;

    d.    Award AMTRAK its attorney's fees, costs, interest, and damages;

    e.    Order whatever other relief this Honorable Court deems just and fair.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES RAISED IN THE COMPLAINT.

National Railroad Passenger Corporation
Plaintiff,

By Its Attorney

Date: 8-4-11

_____
John J. Bonistalli, Esq., BBO# 049120
Law Offices of John J. Bonistalli
160 Federal Street, 15th Floor
Boston, MA 02110
(617) 737-1771
john.bonistalli@bonistallilaw.com